**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:12-CV-00186**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ERIC APPELBAUM , )<br>)<br>Defendant. )<br>) | **ORDER** |

**THIS MATTER** is before the Court on the United States' Motion to Dismiss Counterclaims and to Strike Defenses 1, 2, 4, 6, 7, and 9. (Doc. 9). Defendant Eric Appelbaum filed his Brief in Opposition on June 17, 2013, (Doc. 10), to which the United States filed a Reply on June 27, 2013 (Doc. 12). This matter is ripe for disposition.

**NATURE OF THE CASE**

The United States instituted the instant action alleging that Warde Electric Contracting, Inc. ("Warde Electric") did not properly collect, account, or pay over Federal withholding and Federal Insurance Contribution Act ("FICA") taxes. (Doc. 1, ¶¶ 7, 11). The United States seeks to recover these taxes from Eric Appelbaum individually pursuant to 26 U.S.C. § 6672. (Doc. 1, ¶¶ 8-11). The United States alleges that it is entitled to recover the amount of the assessments made on April 10, 2013 and accrued interests and costs. (Doc. 1, ¶¶ 11, 15-16). Defendant denies he is the responsible party and that he is liable. (Doc. 8, ¶¶ 7-16). Defendant has asserted two counterclaims and nine defenses which the Court will address in greater detail below. While Defendant was originally appearing *pro se*, he has been represented by counsel since May 9, 2014. (Doc. 13).

1

# ANALYSIS

## I. The United States' Motion to Dismiss Defendant's Counterclaims is Granted

The United States has moved to dismiss both of Defendant's counterclaims for lack of subject matter jurisdiction and for failure to state a claim. (Doc. 9). For the reasons stated below, the Court dismisses both counterclaims.

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(1) allows a party to move for dismissal where the court lacks jurisdiction over the subject matter of the action. A party "may challenge subject matter jurisdiction in one of two ways." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). The first way is to argue "that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Id.* (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). In this type of facial challenge, the non-movant receives procedural protection akin to a motion under 12(b)(6) in that all allegations are taken as true. *Id.* The second way to challenge subject matter is to argue that the allegations of the non-movant are not true. *Id.*

Here, the United States' motion challenges subject matter jurisdiction under the former approach so Defendant will be given procedural protections equivalent to those found in the 12(b)(6) case law.

Under a motion to dismiss under 12(b)(6), the court must accept as true all factual allegations in the counterclaim, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), and all reasonable inferences must be drawn in the non-movants favor, *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). This requirement applies only to facts, not legal conclusions, however. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the complaint need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," this obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Further, a pleading must include "a demand for the relief sought." Fed. R. Civ. P. 8(c).

Rule 12(b)(6) protects against meritless litigation by requiring sufficient factual allegations "to raise a right to relief above the speculative level" so as to "nudge[ ] the[ ] claims across the line from conceivable to plausible." *Twombly*, 500 U.S. at 555, 570; *see Iqbal*, 556 U.S. at 662. Under *Iqbal*, the court performs a two-step analysis. First, it separates factual allegations from allegations not entitled to the assumption of truth (i.e., conclusory allegations, bare assertions amounting to nothing more than a "formulaic recitation of the elements"). Second, it determines whether the factual allegations, which are accepted as true, "plausibly suggest an entitlement to relief." 556 U.S. at 681.

The Court notes that "[a] document filed *pro se* is 'to be liberally construed' . . . [and] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The Court does not pass on whether Defendant's subsequent retention of counsel obviates the need for this construction but recalls that *Erickson* does not "undermine *Twombly*'s requirement that a pleading contain 'more than labels and conclusions.'" *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

### B. The United States' Motion to Dismiss Defendant's First Counterclaim is Granted

Defendant's First Counterclaim is contained in paragraph 26 of his answer and states that the Internal Revenue Service ("IRS") chose "not to proceed with its Claim . . . against the Surety for Payroll Taxes, but instead made a motion to convert Warde Electric's Chapter 11 Bankruptcy" which was subsequently granted. (Doc. 8, ¶ 26). Defendant alleges that because of the IRS' actions he "was left with no chance of ever being paid back personal loans that were made to Warde Electric . . . [and he] suffered substantial personal losses in the amount of $ 2,000,000.00." (Doc. 8, ¶ 26). The counterclaim further alleges that the surety could have paid the taxes and this would have allowed Warde Electric "to submit a restructuring plan to the Bankruptcy Court." (Doc. 8, ¶ 26). After receiving the United States' motion to dismiss characterizing the counterclaim as a laches defense, Defendant stated that "[t]his is a claim under Internal Revenue Code Section 7433." (Doc. 10, 4).

#### 1. Defendant's First Counterclaim Fails to State a Claim under 26 U.S.C. § 7433

The Court notes that Defendant may not amend his pleading by the use of a Response.[1] Nowhere in Defendant's counterclaim does Defendant raise the issue of 26 U.S.C. § 7433. Even if the Court construes Defendant's first counterclaim in this manner, it fails to state a claim.

26 U.S.C. § 7433(a) provides, in pertinent part, that:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

---

[1] A "[r]eply is not considered because a court reviewing a complaint under 12(b)(6) does not consider factual matters included only in legal briefs and memoranda and not included in the complaint." *Tisdale v. Enterprise Leasing Co.-Se., LLC*, No. 3:13CV211, 2013 WL 3227927, at *2 fn. 2 (W.D.N.C. 2013).

Defendant does not allege any violation of the tax code or tax regulation. Under 26 U.S.C. § 6672[2] the Government has discretion as to those from whom it chooses to collect § 6672 penalties from. *United States v. Pompino*, 635 F.2d 293, 298 (4th Cir. 1980); *United States v. Pepperman*, 976 F.2d 123, 127 (3d Cir. 1992) (recognizing that the government can choose to collect unpaid taxes from corporate employer, each responsible person, or "entirely from one source."). The fact that the IRS has discretion in this area dictates that this Court must dismiss Defendant's First Counterclaim. This is buttressed by the fact that Defendant has not identified any unlawful action.

In addition, Defendant has not exhausted his administrative remedies as required by statute.

Under 26 U.S.C. § 7433(d)(1), "[a] judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." In order to meet the exhaustion requirement, the taxpayer must send an administrative claim to the Area Director including (i) the name, address, phone numbers and taxpayer ID number for the claimant, (ii) the grounds for the claim, (iii) a description of the injuries sustained, (iv) the dollar amount of past and foreseeable future damage and (v) the taxpayer's signature. 26 C.F.R. § 301.7433-1(e). Defendant has not alleged exhaustion of administrative remedies.

The Court will now address the consequences of failure to allege exhaustion under § 7433. The Court holds that §7433(d)'s exhaustion requirement is nonjurisdictional.

---

[2] Section 6672 is the enforcement provision "'assur[ing] compliance by the employer with its obligation . . . to pay' trust fund taxes by imposing personal liability on officers or agents of the employer responsible for 'the employer's decisions regarding withholding and payment' of the taxes." *Erwin v. United States*, 591 F.3d 313, 319 (4th Cir. 2010) (quoting *Slodov v. United States*, 436 U.S. 238, 247 (1978)).

The Supreme Court "has cautioned against 'profligate use' of the label 'jurisdictional.'" *E.P.A. v. EME Homer City Generation, L.P.*, 134 S. Ct. 1584, 1603 (2014) (quoting *Sebelius v. Auburn Regional Medical Center*, 133 S. Ct. 817, 824 (2013)). This Court must "inquire whether Congress has 'clearly state[d] that the rule is jurisdictional; absent such a clear statement . . . [the] [C]ourt[] should treat the restriction as nonjurisdictional in nature.'" *Sebelius v. Auburn Regional Medical Center*, 133 S. Ct. 817, 824 (2013) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515-16 (2006)). Congress need not use magic words to speak clearly. *Id.* Rather, the Court must consider "'context, including [the Supreme] Court's interpretations of similar provisions in many years past' as probative of whether Congress intended a particular provision to rank as jurisdictional." *Id.* (quoting *Reed Elsevier, Inc. v. Muchnik*, 559 U.S. 154, 168 (2010)).

Several Circuit Courts have held that failure to exhaust under § 7433(d) is not jurisdictional in nature. *See Galvez v. I.R.S.*, 448 Fed. Appx. 880, 887 (11th Cir. 2011); *Hoogerheide v. I.R.S.*, 637 F.3d 634, 638-39 (6th Cir. 2011); *Keohane v. United States*, 669 F.3d 325, 330 (D.C. Cir. 2012); *Gray v. United States*, 723 F.3d 785, 798 (7th Cir. 2013). Reference can be made to § 7422, another statute at issue in this case, which provides that "'no suit' shall be entertained by any court until the taxpayer has complied with the appropriate administrative procedures." *Galvez*, 448 Fed. Appx. at 887 (citing 26 U.S.C. § 7442(a)). By utilizing the words "no suit" Congress clearly expressed the choice to make following administrative procedures a jurisdictional issue. Congress did not clearly do so in § 7443 by stating the taxpayer cannot recover damages unless he has complied with the correct administrative procedure. Therefore, *Sebelius* mandates that the Court treat § 7433(d)'s exhaustion requirement as non-jurisdictional. Regardless, Defendant's First Counterclaim is still dismissed because "failure to exhaust . . .

6

administrative remedies causes them to fail to state a claim upon which relief could be granted." *Id.*; *Hoogerheide*, 637 F.3d at 639.

Furthermore, Defendant's allegations, even if true, are all untimely because they relate to the decision made in 2004 to pursue Defendant instead of the surety, causing Defendant to lose the ability to be repaid personal loans made to Ward Electric. (Doc. 8, ¶ 26).

Section 7433 claims have a two year statute of limitation. 26 U.S.C. § 7433(d). "A tax collection right of action accrues 'when the taxpayer has had reasonable opportunity to discover all essential elements of a possible cause of action.'" *Richard v. United States*, 746 F. Supp. 2d 778, 782 (E.D. Va. 2010) (quoting 26 C.F.R. § 301.74331). "This provision has been interpreted to mean the point at which plaintiffs possess sufficient 'critical facts' to understand their potential injury without knowledge of the appropriate legal remedy." *Id.* (citing *United States v. Kubrick*, 44 U.S. 111, 122 (1979)).

Here, the critical fact is the loss of the ability to be repaid personal loans, which occurred in 2004. Therefore, Defendant's counterclaim is well outside of the two year statute of limitation and must be dismissed.

### 2. Defendant's First Counterclaim Must Be Dismissed When Couched as a Laches Claim

The Federal Tort Claims Act ("FTCA") specifically retains sovereign immunity for "[a]ny claim arising in respect to the assessment or collection of any tax." 28 U.S.C. § 2680(c). "Congress retained the United States' sovereign immunity for any claim *in respect of* the assessment or collection of taxes. This language is broad enough to encompass any activities of an IRS agent even *remotely related* to his or her duties." *Perkins v. United States*, 55 F.3d 910, 913 (4th Cir. 1995). Dismissal is appropriate under 12(b)(1) if a party's claims do not fall within the FTCA's limited waiver of sovereign immunity. *Williams v. United States*, 50 F.3d 299, 304

(4th Cir. 1995). Therefore, Plaintiffs' claim seeking money damages involving discretionary decisions made pursuing unpaid taxes must be dismissed.

## C. The United States' Motion to Dismiss Defendant's Second Counterclaim is Granted

In Defendant's Second Counterclaim, Defendant alleges that the IRS levied the Social Security Administration on September 1, 2012 and that "$ 746.50 has been withheld each and every month from Defendant's monthly benefit." (Doc. 8, ¶ 26). Further, Defendant stated that he "seeks any and all payments received by the IRS that have been applied over the years against the Assessments from April 10, 2003 to the present." (*Id.*). The United States' motion to dismiss characterized this claim as one for refund and stated it should be dismissed on the grounds of sovereign immunity and conditions contained in 26 U.S.C. § 7422(a).

In Defendant's Response, Defendant again made factual allegations that do not amend his Counterclaim. Defendant stated that the IRS improperly levied on his social security payment because any claims were barred by statute of limitations defenses alleged elsewhere in his answer and "[i]t is these payments that Defendant seeks to be refunded." (Doc. 10 at 7). Defendant states that he "oppose[d] the IRS attempt to impose these levies by filing an administrative request for a due process collection hearing." (*Id.*). Defendant states that the IRS agent "in charge of collection efforts at that time, refused to process that request arbitrarily and capriciously." (*Id.* at 7-8). Then Defendant cites 26 U.S.C. § 7433 as the basis for his counterclaim. (*Id.* at 8).

### 1. Defendant's Second Counterclaim for Refund Must Be Dismissed For Lack of Subject Matter Jurisdiction

Defendant's Second Counterclaim on its face appears to be a refund claim. 28 U.S.C. § 1346(a)(1) provides, in part, that district courts have original jurisdiction of:

8

> Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws.

However, § 7422(a) "limits a taxpayer's right to bring a refund suit upon compliance with certain conditions." *United States v. Dahl*, 494 U.S. 596, 601 (1990). Section 7422(a) provides that

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

Failing to file the claim for refund[3] is a defect that is jurisdictional in nature and failing to allege compliance warrants dismissal. *Lewis v. Sandler*, 498 F.2d 395, 399-400 (4th Cir. 1974).[4] Nowhere in Defendant's Counterclaim is an allegation hinting that he filed a Form 843.[5]

Defendant stated that he was entitled to a refund because the levies were time barred under the statute of limitations and thus the collection was unlawful. The Court believes that

> Accepting a [claimant's] characterization that his suit did not involve a refund because the IRS lacked authority to collect the tax in the first instance "would render § 7422 virtually a dead letter because almost every citizen who seeks a tax refund alleges that the tax was collected without authority."

*Ross v. United States*, 460 F. Supp. 2d 139, 152 (D.D.C. 2006) (quoting *Brennan v. Southwest Airlines Co.*, 134 F.3d 1405, 1410 (9th Cir. 1998)). Therefore, Defendant's argument that the IRS lacked the authority to collect the penalty from his social security payment is unavailing.

---

[3] The Court notes that Defendant states in his Response that he "file[d] an administrative request for a due process hearing." (Doc. 10 at 7). A Collection Due Process Hearing is not equivalent to a claim for refund. While a Collection Due Process hearing may have challenged the original levy, this Court is without jurisdiction to allow a claim for refund to continue without Defendant having first filed a claim for refund.

[4] *Arbaugh* and its progeny do not call into doubt the *Lewis* decision because § 7422(a)'s use of "no suit" is a clear expression of Congress' intent to make exhaustion jurisdictional. *Galvez*, 448 Fed. Appx. at 887; *see Hoogerheide*, 637 F.3d at 648 (Section 7422(a) "shows how an exhaustion requirement might establish a jurisdictional requirement.").

[5] Form 843 is the necessary form to seek "refunding of taxes, interest, penalties, and additions to tax." 26 C.F.R. § 301.6402-2(c).

Therefore, Defendant's Second Counterclaim, when characterized as a suit for refund, must be dismissed for lack of subject matter jurisdiction.

2. **Defendant's Counterclaim Is Dismissed Even When Viewed Under § 7433**.

In his Response, Defendant states that § 7433 is the basis for his counterclaim. (Doc. 10 at 8). Defendant also stated that, in regards to his due process hearing request, the IRS agent "in charge of collection efforts at that time, refused to process that request arbitrarily and capriciously." (*Id.* at 7-8).

"A claim under § 7433 'was not intended to supplement or supersede, or to allow taxpayers to circumvent' the proper procedures under § 7422." *Bennett v. United States*, 361 F.Supp.2d 510, 517 (W.D. Va. 2005) (quoting *Gonsalves v. I.R.S.*, 975 F.2d 13, 16 (1st Cir. 1992)). The procedures outlined in § 7422 gave Defendant an avenue to challenge the IRS' levy on his social security payments. Defendant has not alleged exhaustion under § 7422 and failure to do so is a jurisdictional defect. In the alternative, Defendant has also failed to allege exhaustion under § 7433(a), which warrants dismissal under 12(b)(6) as stated in Part I.B.1. Finally, all allegations involving the due process hearing request and § 7433 were in the Response, which does not amend Defendant's pleading. Therefore, inasmuch as Defendant attempts to characterize his claim as falling under § 7433, his Second Counterclaim is dismissed.

II. **The United States' Motion to Strike Defendant's First, Second, Fourth, Sixth, Seventh, and Ninth Defenses**

    A.    **Legal Standard**

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. Pro. 12(f). "When reviewing a motion to strike, 'the court must view the pleading under attack in a light most favorable to the

pleader.'" *Racick v. Dominion Law Assocs.*, 270 F.R.D. 228, 232 (E.D.N.C. 2010) (quoting *Clark v. Milam*, 152 F.R.D. 66, 71 (S.D. W. Va. 1993)). "Rule 12(f) motions are generally viewed with disfavor." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 346 (4th Cir. 2001). However, "'a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted.'" *Id.* (quoting 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1381, 665 (2d ed. 1990)).

### B. The United States' Motion to Strike Defendant's First and Second Affirmative Defenses is Granted

Defendant's First and Second defenses substantially repeat what the Court already addressed in dismissing his First Counterclaim: that "the IRS failed to assert its rights under Surety Performance Bonds[,]" (Doc. 8, ¶ 17), and "[t]he IRS had an obligation to collect from the Surety[,] (Doc. 8, ¶ 18). The United States' characterized these as laches defenses and the Court agrees.

"It is well settled that the United States is not bound by state statutes of limitation or subject to the defenses of laches in enforcing its rights." *United States v. Summerlin*, 310 U.S. 414, 416 (1940). The doctrine of laches does not preclude the United States from collecting from a responsible party. *United States v. Spurlin*, 783 F.Supp. 563, 556 (M.D. Fla. 1990). Therefore, the Court strikes Defendant's First and Second Defenses.

In Defendant's Response, Defendant asserts that he is not making a laches defense but rather "he is claiming that the [IRS'] refusal to submit a proper claim to the surety company constituted a willful, capricious attempt to injure him at the expense of the United States." (Doc. 10 at 9). Defendant claims "[i]t is the United States' own actions which . . . precluded its own receipt of the payroll taxes at issue. Defendant should not be held responsible for the willful

11

misbehavior of the United States." (*Id.*). The Court has already found that the IRS has discretion to determine which party from whom it will seek out to recover penalties. Therefore, Defendant's argument is without merit.

### C. The United States' Motion to Strike Defendant's Fourth and Sixth Defenses is Denied in Part and Granted in Part

The United States contends that Defendant's Fourth and Sixth Defenses should be dismissed because they relate to whether tax liens were timely filed, which is irrelevant in this action. (Doc. 9-1 at 8-9). In response, Defendant states that "[t]hough this may be true . . . the statutes of limitation as they apply to him individually expired prior to the necessary action required of the [IRS] for its collection efforts." (Doc. 10 at 9). The United States argues that "he has already raised a statute of limitations defense in his Third and Eight Defenses" and the Court should, therefore, strike the Fourth and Sixth Defenses. (Doc. 12 at 7).

There are two potentially relevant statute of limitation defenses in the instant action. 26 U.S.C. § 6501 generally prescribes a three year statute of limitation after a return is filed with regard to assessments, subject to certain exceptions. 26 U.S.C. § 6502 generally provides for a ten year limitation on collection after a proper assessment has been made, subject to certain exceptions.

Defendant has raised the three year § 6501 defense in his Third Defense. (Doc. 8, ¶ 19). It is doubtful whether the Eighth Defense raises the ten year limitation period. (Doc. 8, ¶ 24) ("The time for Assessing the Penalty Tax has long since expired."). Both the Fourth and Sixth defenses refer to the 10 year limitation period. The Court, therefore, declines to strike the Fourth and Sixth defense by liberally construing them, in line with precedent, to raise the ten year limitation period with regard to all assessments. However, the Court strikes any allegations contained in either Defense that attempt to raise a statute of limitation defense with regard to

12

federal tax liens.  "[T]he tax lien is not a collection device; but a security device.  The federal tax lien secures payment of a federal tax liability by encumbering the taxpayer's property."  William D. Elliot, *Federal Tax Collections, Liens, & Levies*, ¶ 9.01 (2014).  The current case is not concerned with priority or security, but whether the government may reduce its assessment to a judgment.  "Collection may be made through administrative methods (including federal liens, summonses, and levies) or judicial methods (suits to foreclose liens or reduce assessments to judgment)."  *Singleton v. United States*, 128 F.3d 833, 837 (4th Cir. 1997).  The United States is seeking to "reduce to judgment assessments[,]" (Doc. 1, ¶ 1), therefore defenses related to tax liens are irrelevant to this action.  Accordingly, the Court strikes Defendant's Fourth and Sixth Defenses insofar as they raise defenses applicable to tax liens.

### D. The United States' Motion to Strike Defendant's Seventh Defense is Denied

In Defendant's Seventh Defense, Defendant claims that the "IRS failed to follow procedure with regard to a tax liability.  The only document with regard to Assessments, the Defendant shows as received was the Notice of Federal Tax Lien which was prepared many months after the Assessment dates."  (Doc. 8, ¶ 23).  The United States contends that "[h]e has not given the United States fair notice of his claims."  (Doc. 9-1, at 9).

26 U.S.C. § 6672(b)(1) provides that "[n]o penalty shall be imposed under subsection (a) unless the Secretary notifies the taxpayer in writing by mail to an address as determined under section 6212(b) or in person that the taxpayer shall be subject to an assessment of such penalty."  Defendant's Seventh Defense raises the issue of whether he received the required notice under 26 U.S.C. § 6672(b)(1).

Also included in Defendant's Seventh Defense is a list of documents Defendant believes he is entitled to.  (Doc. 8, ¶ 23).  Whether or not Defendant is entitled to see these documents is a

13

matter of discovery and is immaterial at this point. Accordingly, the Court strikes that portion of Defendant's Seventh Defense. However, the Court finds that Defendant's list, when liberally construed, gives the United States fair notice of Defendant raising the issue of whether the assessment was properly made. 26 U.S.C. § 6203 provides that:

> The assessment shall be made by recording the liability of the taxpayer in the office of the Secretary [of the Treasurer] in accordance with rules or regulations prescribed by the Secretary. Upon request of the taxpayer, the Secretary shall furnish the taxpayer a copy of the record of the assessment.

The Treasury regulations further elaborate that:

> The assessment shall be made by an assessment officer signing the summary record of assessment. The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment. The amount of the assessment shall, in the case of tax shown on a return by the taxpayer, be the amount so shown, and in all other cases the amount of the assessment shall be the amount shown on the supporting list or record. The date of the assessment is the date the summary record is signed by an assessment officer.

26 C.F.R. § 301.6203–1. Therefore, the Court denies the United States' Motion to Dismiss the Seventh Defense.

### E. The United States' Motion to Dismiss Defendant's Ninth Defense is Denied

Defendant's Ninth Defense states that "[w]ithout seeing a signed Assessment document it appears there could be a mistake in the Assessment date on the first NFTL dated and signed August 05, 2003." (Doc. 8, ¶ 25). The Defendant alleges several assessment dates after some of the tax periods in issue. (Doc. 8, ¶ 25(a)-(d)). Defendant argues that it is inconsistent for the IRS to file a Notice of Federal Tax Lien four months after an assessment. (Doc. 8, ¶ 25(e)). Given the purported inconsistency, Defendant alleges that the assessment must have been made at the time of the Notice and, therefore, be untimely. (Doc. 8, ¶ 25).

The Court agrees with the United States in that Defendant's Ninth defense is difficult to understand. However, the Court believes that, when liberally construed, the Defendant's Ninth

14

Defense is challenging the United States' allegations regarding whether the assessments were timely made. This is buttressed by the fact that Defendant desires to see IRS Form 23. Form 23C is one document that satisfies the requirements of 26 C.F.R. § 301.6203-1. *March v. I.R.S.*, 335 F.3d 1186, 1188-89 (10th Cir. 2003) (stating that electronic RACS Reports are predominantly used now). As such, it would show the date of assessment. Therefore, the Court declines to grant Plaintiff's Motion to Strike Defendant's Ninth Defense in its entirety. However, the Court strikes Defendant's allegation stating that he "is entitled to see form 23 C and all other signed documents by authorized personnel" because it relates to discovery issues which should be brought outside the context of an affirmative defense.

**IT IS, THEREFORE, ORDERED** that:

(1) The United States' Motion to Dismiss Defendant's Counterclaims is granted;

(2) The Counterclaims are dismissed without prejudice;

(3) The United States' Motion to Strike Defendant's First and Second Defenses is granted;

(4) The United States' Motion to Strike Defendant's Fourth and Sixth Defenses is denied in part and granted in part;

(5) The United States' Motion to Strike Defendant's Seventh and Ninth Defenses is denied.

Signed: September 19, 2014

Richard L. Voorhees
United States District Judge