IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:12-CV-186 (LEAD), 3:14-CV-504 (CONSOLIDATED)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> ERIC APPELBAUM, ) <br> ) <br> **Defendant.** ) <br> _____ ) <br> ) <br> CLAUDIA APPELBAUM, ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES OF AMERICA ) <br> ) <br> **Defendant.** ) <br> _____ ) | **MEMORANDUM AND ORDER** |

On August 22, 2015, the Court ordered the parties to discuss the admissibility of the complaint and amended consent judgment filed in connection with *Chao v. Appelbaum et al.*, 06-cv-5601 (S.D.N.Y.) (Docs. 30-14, 30-16). In the amended consent judgment, Appelbaum admits all the allegations in the complaint. (Doc. 30-16, at ¶ 6). Specifically, he admits that he served as an owner and officer at all times relevant to the allegations in the complaint (Doc. 30-14, at ¶ 9) which encompass the time periods at issue in the instant case. The parties timely responded to the Court's order. (Docs. 36-37).

Federal Rule of Evidence 408 provides, in pertinent part, that evidence of "furnishing, promising, or offering - - or accepting, promising to accept, or offering to accept - - a valuable

1

consideration in compromising or attempting to compromise the claim" is inadmissible when offered to "prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction."

The advisory committee notes state that:

> While the rule is ordinarily phrased in terms of offers of compromise, it is apparent that a similar attitude must be taken with respect to completed compromises when offered against a party thereto. This latter situation will not, of course, ordinarily occur except when a party to the present litigation has compromised with a third person.

Fed. R. Evid. 408, advisory comm. notes.

Here, one issue is whether a consent judgment should be treated like a settlement. The Court concludes that it should. *Buescher v. Baldwin Wallace Univ.*, 86 F. Supp. 3d 789 (N.D. Ohio 2015) ("Courts generally agree that Rule 408 applies to consent decrees.") (quoting *Wilson v. Parisi,* 2009 WL 151666 (M.D.Pa.2009)); *New York City Dep't of Fin. v. Twin Rivers, Inc.*, 182 F.3d 900 (2d Cir. 1999) ("The consent judgment is a settlement agreement."). Rather than being a document presented during the course of compromise negotiations, as the United States argues, this is the very document evidencing compromise.

Accordingly, the issue is whether or not the consent decree that Appelbaum made with a third party that expressly admitted the allegations in the underlying Complaint is admissible in the instant case. In 2012, this Court noted the split in authority regarding this issue. *Smith v. Waverly Partners, LLC*, No. 3:10-CV-00028-RLV, 2012 WL 4086774, at *1 (W.D.N.C. Sept. 17, 2012).

There has not been a great change in authority since *Waverly Partners*. Appelbaum has cited *Emcor Group, Inc. v. Great American Ins. Co.*, which is subsequently decided authority within the Fourth Circuit. *See* 2013 WL 1315029 (D. Md. Mar. 27, 2013). Judge Hollander excluded a settlement agreement made with a third party and an offer letter because it was

2

"evidence of a settlement in a separate, but closely related dispute." *Id.* at *26. The Court finds that this standard is not materially different than that articulated in *Waverly Partners*: "[b]ecause Plaintiff's Title VII claim arose from the same set of operative facts as the instant claim, the Court shall adopt the position that Rule 408 bars the contemporaneous presentation of Plaintiff's Title VII settlement to the jury." *Waverly Partners*, 2012 WL 4086774 at *2. The Court notes that these articulations both appear in some manner in the other case cited by Defendant Appelbaum, *Fiberglass Insulators, Inc. v. Dupuy*, 856 F.2d 652 (4th Cir. 1988). *See id.* at 654 (parenthetical of Ninth Circuit decision, "holding inadmissible a settlement by the plaintiff with another defendant of a <u>closely related but separate claim</u>"); *id.* at 655 ("this case arose out of the same transaction.").

Appelbaum also notes, correctly, that the consent judgment may have been entered for other purposes such as a "desire for peace", *see* Fed. R. Evid. 408, advisory comm. notes, and that the admission regarding his ownership and control of Warde Electric Contracting, Inc. was not even necessary to the final resolution of the ERISA case. These arguments favor a finding that the admissions in the Consent Judgment have little probative value in the instant case.

The Court concludes that the Consent Judgment and the complaint that precipitated it arise from the same set of operative facts in the instant case. If the admission were truly to be probative, then it would have to encompass the time period in dispute here. Appelbaum's activities and role in Warde Electric Contracting, Inc. during the tax periods in question are the central focus of the instant case. The Court, accordingly, finds that Rule 408 bars the admission of the Consent Judgment. In the alternative, the Court finds that its admission is barred by Rule 403.

Signed: October 2, 2015

**SO ORDERED.**

Richard L. Voorhees
United States District Judge