# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
## CIVIL ACTION NO. 5:12-CV-186 (LEAD), 3:14-CV-504 (CONSOLIDATED)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br> )<br>**Plaintiff,** )<br> )<br>v. )    **ORDER**<br> )<br> )<br> )<br>ERIC APPELBAUM, )<br> )<br>**Defendant.** )<br>_____ )<br> )<br>CLAUDIA APPELBAUM, )<br> )<br>**Plaintiff,** )<br> )<br>v. )<br> )<br>THE UNITED STATES OF AMERICA )<br> )<br>**Defendant.** )<br>_____ ) | |

**BEFORE THE COURT** are the evidentiary objections filed by Defendant Eric Appelbaum ("Appelbaum"). (Doc. 61). The United States has responded to these objections. (Doc. 62). Specifically, Appelbaum objects to Trial Exhibit 50, 92, 93, 66, and 71. For the following reasons, the objections are **OVERRULED** and the exhibits are **ADMITTED.**

## Exhibit 50

Exhibit 50 is a Corporate Case History Report for Warde Electronic, Inc. ("Warde"). The Report spans three pages and is in reverse chronological order. The Report is accessed through the Automatic Trust Fund Recovery system ("ATFR") which is the Internal Revenue Service's

1

("IRS") system of maintaining records for the purposes of a Trust Fund Recovery Penalty investigation. Tr. 375. In this case, Revenue Officer Greenway accessed ATFR and printed the first three pages of Exhibit 50. Tr. 375-76. There are three pieces of data that the ATFR logs. ATFR is a mechanism that allows an employee of the IRS to record specific data that he or she performed in the Trust Fund Recovery Penalty investigation. The Report always has three pieces of data: (1) the "system date"; (2) the Service Employee Identification Number; and (3) the narrative. The only portion of the ATFR that a user can potentially manipulate is the narrative portion. Tr. 378.

The Report has "system dates" in a column on the left, which reflect the date a user enters data into the ATFR. Tr. 376-77. The username or Service Employee Identification Number ("SEIN") of the person who inputted the data will always follow the "system date." Tr. 377. The narrative portion follows the recordation of the SEIN. Tr. 378. In some instances, the narrative is also auto-populated and merely records that an employee performed a particular function. Tr. 388, 437-38. For example, ATFR will auto-populate the narrative portion when an employee uses ATFR to generate a Letter 1153. Tr. 388, 390. However, an employee must specifically tell ATFR what date the Letter 1153 was mailed. Tr. 407-09. In other words, the date of mailing is not auto-generated.

Every entry in Warde's Corporate Case History Report records the fact that the user performed a specific act on the same date as the "system date" except for an entry dated April 8, 2003 and one dated April 17, 2003.[1] Specifically, "hjhoyt13" entered that Letter 1153 was mailed to Appelbaum on June 21, 2001. Ex. 50 at USA-EA-000604.

---

[1] The entry dated April 17, 2003 refers to something that occurred less than two weeks earlier. Ex. 40; Tr. 444.

2

Appelbaum objects to the Report on the grounds that it is inadmissible hearsay. (Doc. 61, at 18). Particularly, Appelbaum claims that it does not fall within the public records exception to the hearsay rule, 803(8), because it is not trustworthy. Appelbaum also maintains that the United States failed to authenticate Exhibit 50. (Doc. 61, at 22). For the following reasons, these objections are overruled.

Rule 803(8) is an exception to the general rule prohibiting the introduction of hearsay statements into evidence. It provides that a public record is admissible if:

> **(A)** it sets out:
> **(i)** the office's activities;
> **(ii)** a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or
> **(iii)** in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and
> **(B)** the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness.

Fed. R. Evid. 803(8).

"[O]fficial IRS documents, even if generated by a computer, are admissible as public records." *United States v. Childress*, 24 F. App'x 139, 142 (4th Cir. 2001). Defendant maintains that the fact that every other entry in Exhibit 50 except for the April 8, 2003 date has a narrative that describes a contemporaneous act makes the Exhibit sufficiently untrustworthy as to preclude its admission. (Doc. 61, at 21). This evidence, if admitted, is relevant to whether or not Appelbaum was sent Letter 1153, which is a condition precedent to the assessment process in TFRP cases. 26 U.S.C. § 6672(b)(2). "Fed. R. Evid. 803(8) does not require that a report be made at or near the time of the event it is describing." *United States v. Versaint*, 849 F.2d 827, 832 (3d Cir. 1988). Rather, the rationale for this exception is that "assumption that public officials perform their duties properly without motive or interest other than to submit accurate and fair reports." *Id.* (quoting *Bradford Trust Co. v. Merrill Lynch*, 806 F.2d 49, 54 (2d Cir.

3

1986)). The Court finds that Appelbaum's theory has merit, particularly the fact that the government does not have the supporting documentation required by the Internal Revenue Manual. (Doc. 61, at 21) (discussing IRM 6.7.6.1.1). However, the government has produced enough evidence for the Court to find that Exhibit 50 should be considered. The theory that Hoyt did not have a motive to create a false entry because he could have extended the statute of limitations an additional 90 days by merely mailing the Letter 1153 is enough for the Court to consider this document in its analysis. (Doc. 60, at 29) (citing 26 U.S.C. § 6672(b)(3)); *see also* Tr. 409-10.

Appelbaum also maintains that the government failed to authenticate Exhibit 50. Generally, to authenticate an item of evidence, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R Evid. 901(a). The Court finds that the United States has authenticated Exhibit 50 under Fed. R. Evid. 901(b)(7) (public records) and (9) (evidence about a process or system).

**Exhibits 92 and 93**

Exhibit 92 is a Letter 1153 addressed to Defendant Appelbaum from Howard J. Hoyt on behalf of the IRS. It is undated. Appelbaum testified that he never received this letter. Tr. 117. This letter was in the TFRP paper file or ATFR system. Tr. 352, 390. Exhibit 93 is a Form 2751, a document required to be delivered along with Letter 1153. The Court is satisfied that the United States has introduced sufficient evidence to show that Exhibits 92 and 93 are admissible under Federal Rule of Evidence 803(8) and that the United States properly authenticated these documents with Greenway's testimony. *See* Tr. 352, 388-90.

**Exhibit 66**

The first page of Exhibit 66 is a letter from Melissa A. Muilenburg to Francis C. Clisham. Muilenburg writes that her office was responding to a subpoena served upon Interchange Bank regarding Warde Electric Contracting Inc. Pension Plan. She states that "enclosed herewith please find copies of the signature card, cancelled checks and account statements for Account No. 11302844." Account No. 11302844 is the Pension Plan account number.

Appelbaum testified that he held the title of trustee for the Pension Plan. Tr. 294. Page two is a signature card relating to Warde Electric Construction, Inc. Pension Plan. It lists Glover and Appelbaum as authorized signers. It states it was "received by" K. Klein on "10/2/97." It further states that "Corporate Resolution on back must be completed and signed by all officers." Page three of Exhibit 66 is a Resolution Authorizing the Opening of an Account with Interchange State Bank. It refers to Warde Electric Construction and is signed by Glover as President and Appelbaum as Secretary and Vice President on March 9, 1998. Tr. 297, 299. On direct, Appelbaum maintained that he signed as an officer on behalf of the Pension Plan. Tr. 99. However, on cross he states that he did not remember if he held other titles than trustee for the Pension Plan. Tr. 294. The document itself states that a meeting of the "Board of Directors of Warde Electric Const." was duly held. Appelbaum testified that he did not know if the Pension Plan had a Board. Tr. 298.

Appelbaum objects to its admissibility under Federal Rules of Evidence 402, 802, 901, 902, and 403. The Court finds that this evidence is relevant for the limited ground stated by the United States. (Doc. 62, at 9) ("Exhibit 66 is relevant evidence that, on March 4, 1998, Appelbaum considered himself to be Warde's vice-president and secretary. It is also relevant evidence that Appelbaum had the authority within the company to prepare a corporate

resolution."). Appelbaum's testimony also authenticated the Resolution. Fed. R. Evid. 901(b)(1). The Resolution is also not hearsay. Fed. R. Evid. 801(d)(2).

**<u>Exhibit 71</u>**

The Court finds that Exhibit 71 is admissible for the reasons stated in the United States' response. (Doc. 62, at 11).

**IT IS, THEREFORE, ORDERED THAT ALL OBJECTIONS FILED BY DEFENDANT APPELBAUM ARE OVERRULED AND EXHIBITS 50, 92, 93, 66, AND 71 ARE ADMITTED.**

Signed: February 3, 2016

Richard L. Voorhees
United States District Judge