**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:12-CV-186 (LEAD), 3:14-CV-504 (CONSOLIDATED)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> ) <br> ) <br> ) <br> ERIC APPELBAUM, ) <br> ) <br> **Defendant.** ) <br> _____ ) <br> ) <br> CLAUDIA APPELBAUM, ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES OF AMERICA ) <br> ) <br> **Defendant.** ) <br> _____ ) | **FINDINGS OF FACT, CONCLUSIONS OF LAW, and JUDGMENT** |

The present action was filed on November 27, 2012, and brought by the United States under 26 U.S.C. § 6672, which allows the United States to seek a Trust Fund Recovery Penalty ("TFRP") from responsible persons of an entity. In this case, the United States asks the Court to find that Eric Appelbaum was a responsible party at Warde Electric Contracting, Inc. for the quarterly tax periods ending June 30, 1999, September 30, 1999, December 31, 1999, September 30, 2000, and December 31, 2000. (Compl., Doc. 1, at ¶ 1).

On November 17, 2015, this Court held a bench trial. The trial concluded on November 19, 2015. After carefully considering all testimony and arguments presented at trial of this matter,

1

and taking into account the credibility and accuracy of the testimony and other evidence, and studying the applicable law, this Court concludes that Plaintiff **IS NOT** entitled to judgment.

I. **FINDINGS OF FACT**

The Court makes the following findings of fact by a preponderance of the evidence and under Rule 52 of the Federal Rules of Civil Procedure.[1]

1. The Internal Revenue Service ("IRS") did not mail Appelbaum Letter 1153

    a. Letter 1153 is the IRS' method of complying with 26 U.S.C. § 6672(b)'s requirement that notice be sent to a taxpayer prior to the assessment of a TFRP penalty under § 6672(a). Ex. 102-A, IRM 5.7.3.6(3); Ex. 101-A, 5.7.4.11; Tr. 403.

    b. Letter 1153 is a form letter used by the IRS to give notice to a taxpayer in TFRP situations. A revenue officer prepares the form for delivery by using an internal IRS program to auto-populate the form with basic identifying information unique to a particular taxpayer. Tr. 388-89.

    c. Letter 1153 is usually accompanied with Form 2751 and Publication 1. Form 2751 is entitled "Proposed Assessment of Trust Fund Recovery Penalty" and will detail the unpaid TFRP balance. Publication 1 notifies a potentially responsible party of taxpayer rights and obligations. Tr. 389-90; Ex. 101-A, 5.7.4.11.

    d. There is not a copy of a complete Letter 1153 in the record. In fact, the IRS' file only contains an undated, unsigned, and incomplete Letter 1153. Tr. 433.

---

[1] To the extent any findings of fact constitute conclusions of law, they are adopted as such; to the extent any conclusions of law constitute findings of fact, they are so adopted.

e. The Internal Revenue Manual ("IRM") at the time, Tr. 241-42, provided for certain mechanisms to ensure that revenue officers complied with § 6672(b)'s mandate.[2]

f. In particular, the IRM provided that "**[a] 60 day preliminary notice, Letter 1153 (DO), be issued to the taxpayer by Certificate of Mailing or Certified Mail.**" Ex. 102-A, IRM 5.7.3.6(3) (emphasis in original); *see also* Ex. 101-A, IRM 5.7.4.(4). The IRM also instructed revenue officers to "**[d]ocument case file when letter was mailed and attach a copy of the certificate of mailing or certified mail.**" Ex. 102-A, IRM 5.7.3.6, Note.

g. During the period in question, IRS revenue officers were trained to use certified mail when mailing Letter 1153 to maintain verification that it was, in fact, mailed. Tr. 244-45, 417-19.

h. Using certified mail allows the IRS to have possession of a document known as Postal Form 3811 that can be used to prove mailing. Postal Form 3811 was normally kept in the IRS file. Tr. 244-45, 419-22.

i. There is no proof of mailing in the record as contemplated by the IRM or by the routine practice of the IRS during the period in question. Tr. 420, 423.

j. Exhibit 50 is the only evidence that purports to document that Letter 1153 was mailed; however, it is unreliable for the following reasons:

   i. Appelbaum credibly testified that he never received this letter. Tr. 117.

---

[2] The Court recognizes that the IRM does not confer rights on taxpayers. *Johnson v. United States*, 861 F. Supp. 2d 609, 618 (D. Md. 2012) *aff'd*, 734 F.3d 352 (4th Cir. 2013). However, this Court, as the factfinder, has determined that the testimony of the witnesses and the documentation admitted show that it is reasonable to conclude that the IRS will generally act in accordance with its established policies.

ii. Exhibit 50 is the Corporate Case History Report for the TFRP investigation into Warde. The Report is accessed through the Automated Trust Fund Recovery system ("ATFR"). It is a reflection of employee activity on the TFRP investigation. Ex. 50; Tr. 375, 425. The fourth page of Exhibit 50 is merely a screenshot that reflects certain data that is present on the first three pages. Tr. 434.

iii. The Corporate Case History Report shows three pieces of data. The first is the "system date," which is automatically generated and cannot be manipulated by a user. The "system date" simply recounts the date the user enters data or performs a function on ATFR. The second piece of data is the Service Employee Identification Number ("SEIN"), which is the username of the particular employee who performed a task. The third piece of information is the narrative, which recounts the function that the employee performed. The narrative can be manually entered or may be auto-populated depending on the type of task. For example, when an employee creates a Letter 1153, ATFR will automatically fill the narrative to state that the employee created a Letter 1153 for a particular individual. However, during the time period in question, ATFR did not auto-populate the narrative to record when a Letter 1153 was actually mailed. Tr. 375-78, 388, 390, 407-09, 437.

iv. Revenue Officer Howard J. Hoyt was the employee with the SEIN "hjhoyt13." Tr. 386-87, 427; Ex. 50.

v. The entry indicating that Letter 1153 was mailed has a system date of 04/08/2003 but the narrative indicates that Letter 1153 was mailed on 6/21/2001. This means that twenty-one months elapsed before Revenue Officer Hoyt manually filled the narrative portion to indicate that he sent the letter. Tr. 444.

vi. Every other system date had a narrative that recorded a contemporaneous event, except for an April 17, 2003 entry that referred to something that occurred less than two weeks earlier. Ex. 50; Tr. 444.

vii. During this time period, it was the IRS' normal practice to make contemporaneous history entries. Tr. 256-58, 422, 439-440.

viii. This length of delay on the 4/08/2003 entry is an aberration from the IRS' normal practice and is highly unusual. Tr. 257.

ix. If a person receives a Letter 1153, there is a procedure announced that allows him or her to object. Tr. 245, 456.

x. There is no evidence that Appelbaum objected to the proposed assessment. Tr. 245.

xi. The period for making assessments on some of the returns that form the basis of this lawsuit was about to expire. Ex. 94 (stating that "Earliest ASED" is 4/15/2003); Tr. 416 ("Earliest ASED in the context of Form 2751 refers to the earliest statutory expiration date for assessment of any of the balances listed.").

xii. During the time period in question, ATFR required as a prerequisite to the assessment process that the revenue officer indicate that Letter 1153 was

mailed. In fact, ATFR would tell the employee that Form 1153 was missing if they were trying to proceed with the assessment process without indicating that Letter 1153 was mailed. Tr. 404, 407.

  xiii. There was no attempt by a party to contact Hoyt and he did not testify. Tr. 428.

k. After June 21, 2001, the IRS did not act as if Letter 1153 was sent to Appelbaum

  i. After the sixty day period to object, the IRS normally continues with the assessment process. Tr. 234.

  ii. Specifically, the file would be forwarded to an administrative unit to proceed with the assessment. The assessment would be made within six to eight weeks after the file was forwarded. Tr. 234-35.

  iii. If the assessment were not made within this time frame, there would be documentation inside the case file explaining the reason for the delay. Tr. 235-36.

  iv. Exhibit 50 reveals that nothing happened in the file until some twenty-one months later and there is no explanation for the delay. *See* Tr. 246-47, 457.

  v. There is no indication that a revenue officer attempted to interview Appelbaum, despite the fact that the IRM states that this will occur. Tr. 248-49; Ex. 101-A, 5.7.4.1(1).

  vi. Glover was alive on June 21, 2001. Tr. 110, 331 (Glover died on April 13, 2002).

vii. There is no evidence that Letter 1153 was mailed to Glover, despite the fact that one was generated for him at the same time Appelbaum's was generated. Ex. 50; Tr. 451-53.

## II. CONCLUSIONS OF LAW

2. The United States must prove by a preponderance of the evidence that it complied with the notice provision located in 26 U.S.C. § 6672(b)(1) which provides that "[n]o penalty shall be imposed under subsection (a) unless the Secretary notifies the taxpayer in writing by mail to an address as determined under section 6212(b) or in person . . . ." The Court puts the burden on the United States for the following reasons

   a. Those set forth by *Bonaventura v. United States*, No. 1:07-cv-3218, 2009 WL 6042178 (N.D. Ga. Dec. 14, 2009) *aff'd,* 428 F. App'x 916 (11th Cir. 2011) and followed by *United States v. Thomas*, 2014 WL 1758681, at * 3 (N.D. Fla. Mar. 20, 2014), namely that (i) § 6672(b) is drafted as a condition precedent; and (ii) it was enacted as part of the Taxpayer's Bill of Rights; and

   b. In analogous tax cases, proof that a notice of deficiency is sent pursuant to 26 U.S.C. § 6213(a) and § 6212(a) is placed on the government. *Welch v. United States*, 678 F.3d 1371, 1379 (Fed. Cir. 2012); *Balkissoon v. C.I.R.*, 995 F.2d 525, 527-28 (4th Cir. 1993) ("The Commissioner was unable to prove certified or registered delivery" and "the Commissioner contends . . . it . . . must prove the taxpayer actually received notice . . . ."); *see also Galluzzo v. C.I.R.*, 564 F. App'x 656, 658-59 (3d Cir. 2014); *O'Rourke v. United States*, 587 F.3d 537, 540-41(2d Cir. 2009); *Pietanza v. C.I.R.*, 92 T.C. 729, 742 (1989) *aff'd,* 935 F.2d 1282 (3d Cir. 1991) *acq. in part and nonacq. in part recommended by RE: PIETANZA V.*

*COMMISSIONER*, AOD-1992-05 (IRS AOD May 23, 1991); *but see In re Frank*, 322 B.R. 745, 754 (Bkrtcy. M.D.N.C. 2005); *In re Chabrand*, 301 B.R. 468, 477 (Bankr. S.D. Tex. 2003).[3]

2. "The presumption of regularity supports the official acts of public officers, and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties." *Almy v. Sebelius*, 679 F.3d 297, 309 (4th Cir. 2012) (quoting *United States v. Chem. Found.,* 272 U.S. 1, 14–15 (1926)). The presumption of regularity could potentially apply in this case, because a taxpayer, Appelbaum, is challenging the mailing of a document. *Welch*, 678 F.3d at 1382.

3. Appelbaum has provided evidence sufficient to rebut the presumption of regularity. *Bonaventura*, 428 Fed. App'x at *917 ("Even concluding the presumption of regularity applies, the evidence creates factual issues for the fact-finder."); *see also Notices of Deficiency*, 13 MERTENS LAW OF FED. INCOME TAX'N § 49C:18 (Oct. 2015) ("The presumption of official regularity . . . is insufficient in such cases where foundational evidence of certified mailing is entirely lacking."); Robert E. McKenzie, 1 REP. BEFORE THE COLLECTION DIVISION OF THE IRS § 3:136 (Mar. 2015) (to rely upon the presumption of regularity, IRS must comply with own procedures).

3. The United States failed to carry its burden to show that it mailed Letter 1153 and complied with § 6672(b).[4]

---

[3] The Court recognizes that the notice in the § 6212 context is a jurisdictional requirement for Tax Courts. *See Guthrie v. Sawyer*, 970 F.2d 744, 735 (10th Cir. 1992). However, the Court finds that this is a distinction without merit. The plain language of § 6672(b) places the burden on the government. The Court also finds the cited materials instructive on the application of the presumption of regularity.

[4] The Court also finds that Appelbaum has proved that notice was not mailed even if the burden were to be placed on him.

4. The United States did not comply with the preliminary notice requirement. Therefore, the assessments are invalid.

5. Any further action is barred because the time for making assessments has expired. 26 U.S.C. § 6501(a) (three year statute of limitations running after the return was filed).

### III. ORDER

**IT IS, THEREFORE, ORDERED THAT** the United States recover nothing from Defendant Eric Appelbaum. The clerk is directed to enter judgment in accordance with Rule 58.

Signed: February 3, 2016

Richard L. Voorhees
United States District Judge

9