# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
## CIVIL ACTION NO. 5:12-CV-186 (Lead); 3-14-CV-504 (Consolidated)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| **Plaintiff,** | ) |
| v. | ) **ORDER** |
| ERIC APPELBAUM, | ) |
| **Defendant.** | ) |

**BEFORE THE COURT** is Eric Appelbaum's motion for costs and attorney's fees (Doc. 66).[1] The United States has filed a memorandum in opposition (Doc. 72), Appelbaum has filed a reply (Doc 77), and the United States has, with leave of the Court (Doc. 81), filed a Sur-Reply (Doc. 82).

Also before the Court is Appelbaum's Renewed Counterclaim for Refund and related memoranda. (Docs. 75, 80, and 83).

## I. STATEMENT OF THE CASE

Because the parties are well aware of the proceedings and because the Court has already made findings of facts, the Court will only address the proceedings briefly. The present action was brought by the United States under 26 U.S.C. § 6672, seeking a Trust Fund Recovery Penalty from Eric Appelbaum. (Compl., Doc. 1).

Less than 10 days before trial, Appelbaum raised the issue of notice under 26 U.S.C. § 6672(b) (Doc. 46). This Court held a three day bench trial in November of 2015. After trial, the

---

[1] The parties in the companion case have stipulated to a voluntary dismissal "with each party to bear their respective costs and attorneys' fees." *Claudia Appelbaum v. United States*, No. 3:14-cv-504, Joint Stipulation of Voluntary Dismissal, Doc. 12. Therefore, this Court need only consider Eric Appelbaum's claims for fees and costs.

1

Court received supplemental briefing on the issue of notice. (Doc. 60, at 20-29); (Doc. 61, at 13-18). This Court subsequently found, as a factual matter, that the Internal Revenue Service ("IRS") had not mailed the requisite notice on a form called Letter 1153.[2] Accordingly, the preliminary notice requirements of § 6672 were not complied with and the United States was not entitled to recover from Appelbaum. (Findings of Fact, Conclusions of Law, and Judgment, Doc. 64). Specifically, the Court made four findings central to the instant dispute:

1. The IRS did not mail Appelbaum Letter 1153. (Doc. 64, at 2).
2. The United States bears the burden of proving by the preponderance of the evidence that it complied with the notice requirements of § 6672(b)(1). (Doc. 64, at 7).
3. Appelbaum provided sufficient evidence to rebut the presumption of regularity, if it applied. (Doc. 64, at 8).
4. Any further actions are barred because the time for making assessments has already expired. (Doc. 64, at 9).

## II.     APPELBAUM'S MOTION FOR COSTS AND FEES

The American Rule provides that parties bear their own legal fees and exceptions must be explicitly authorized by Congress. *In re Crescent Estates, LLC*, 588 F.3d 822, 825-26 (4th Cir. 2009). Imposition of costs against the United States is generally prohibited and may only be imposed "to the extent allowed by law." Fed. R. Civ. P. 54(d)(1). Congress explicitly authorized the imposition of costs and attorney fees in 26 U.S.C. § 7430, which allows a prevailing party to recover reasonable administrative costs and litigation costs incurred in an action brought by or against the United States involving "the determination, collection, or refund of any tax, interest, or penalty." 26 U.S.C. §

---

[2] For a more detailed discussion of Letter 1153, see the Court's Findings of Fact, Conclusions of Law, and Judgment (Doc. 64, at 2-6).

7430(a). Appelbaum's Rule 54(d) motion for costs against the United States is therefore properly addressed under § 7430.

The prevailing party is the party which has "substantially prevailed with respect to the amount in controversy or has substantially prevailed with respect to the most significant issue or set of issues presented." § 7430(c)(4)(A). "A party shall not be treated as the prevailing party in a proceeding to which subsection (a) applies if the United States establishes that the position of the United States in the proceeding was substantially justified." § 7430(c)(4)(B)(i) (placing the burden of proof on the United States to demonstrate it was substantially justified). "The position of the United States shall be presumed not to be substantially justified if the Internal Revenue Service did not follow its applicable published guidance in the administrative proceeding. Such presumption may be rebutted." § 7430(c)(4)(B)(ii).

The Court now considers whether the United States was substantially justified in undertaking this litigation. The statutory language of § 7430 creates a presumption that the position of the United States is not justified if the IRS did not follow "its applicable published guidance in the *administrative proceeding*." § 7430(c)(4)(B)(ii) (emphasis added). "The term 'administrative proceeding' means any procedure or other action before the Internal Revenue Service." § 7430(c)(5). Neither side addressed whether administrative proceedings took place or whether Letter 1153 counts as an administrative proceeding.

The Court finds that no administrative proceedings occurred in this case. As a result, it finds that any presumption of no justification does not apply here. In the alternative, if the mailing of Letter 1153 along with the assessment process is deemed to be an "administrative proceeding," the United States has rebutted that presumption for the reasons discussed below.

"Applicable published guidance" includes: "(I) regulations, revenue rulings, revenue procedures, information releases, notices, and announcements, and (II) any of the following which are issued to the taxpayer: private letter rulings, technical advice memoranda, and determination letters." § 7430(c)(4)(B)(iv).

Appelbaum argues that § 6672(b) required the Government to provide notice to Appelbaum and therefore the Court's finding that the IRS' failed to do so creates a presumption against the Government. A reading of what constitutes "applicable published guidance" could be read to reveal, by negative implication, that statutes or sections of the United States Code are not included. § 7430(c)(4)(B)(iv). Fortunately, this Court need not engage in a quixotic determination that the IRS can safely ignore the Internal Revenue Code that allows it to promulgate its regulations because "applicable published guidance" includes regulations, *see* § 6672(b); *Lawler v. United States*, 16 Cl. Ct. 53, 56-57 (Cl. Ct. 1988), and 26 C.F.R. § 301.6672-1, effective January 21, 2001, indicates that mailing of notice is required under § 6672(b)(1).

To be "substantially" justified, the position of the United States must be "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person. This is not different from [a] reasonable basis both in law and fact." *Id*. at 565 (internal quotations omitted); *see also Nat'l Org. for Marriage, Inc. v. United States*, 807 F.3d 592, 597 (4th Cir. 2015) ("The government's litigation position is substantially justified if it has a reasonable basis in law and fact."). "The fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified." *Pierce v. Underwood*, 487 U.S. 552, 569 (1988).

As this Court has previously stated, this analysis is guided by "all the facts and circumstances surrounding the proceeding . . . it is clear that the Court is permitted to step back

4

and take an overall view of the government's conduct." *J&J Cab Serv., Inc. v. United States*, 1998 WL 264736, at *2 (W.D. N.C. 1998) (Voorhees, J.). "One threshold determination for the entire civil action is to be made." *Jean*, 496 U.S. at 159. The Court, therefore, will consider, as relevant, both pre-filing and post-filing conduct. *Cody*, 631 F.3d at 141; *J&J Cab Serv.*, 1998 WL 264736, at *3.

"To assess whether the government's position was substantially justified, [the Court] first consider[s] available objective indicia of the strength of the Government's position." *Nat'l Org. for Marriage*, 807 F.3d at 597 (internal quotations omitted). Pertinent indicia include: terms of any settlement agreement, the stage at which the merits of the case were decided, and the views of other courts. *Id*. Nevertheless, even the government's position "mak[ing] it all the way to the Supreme Court does not conclusively establish" justification. *Id*. "If objective indicia are inconclusive, [the Court] turn[s] to an independent assessment of the merits of the Government's position." *Id*. at 598 (internal quotations omitted). At this step, the merits decisions and their rationales indicate "whether the government's position was substantially justified." *Id*. "The prevailing party's position is relevant only to the extent that it is necessary to identify the effects of the government's unreasonable prelitigation position." *United States v. 515 Granby, L.L.C.*, 736 F.3d 309, 317 (4th Cir. 2013). Other pertinent factors include whether the government used litigation costs to unjustifiably extract concessions from a taxpayer or whether the litigation was pursued for nefarious purposes such as harassment or embarrassment. *Bowles v. United States*, 947 F.2d 91, 94 (4th Cir. 1991) (considering former version of § 7430).

While the district court must state its reasoning for finding the Government's position substantially justified or not, in doing so it need not go so far as to conduct a "second major

litigation." *Cody v. Caterisano*, 631 F.3d 136, 145 (4th Cir. 2011); *see also Comm'r I.N.S. v. Jean*, 496 U.S. 154, 156 (1990).

Defendant Eric Appelbaum claims that because this Court found, as a factual matter, that the United States failed to follow the required notice procedures, the Government's litigation position could not have been substantially justified and therefore he is entitled to costs and fees. The question therefore is whether, in light of the Court's factual finding, the United States was substantially justified in pursuing the present litigation.

### A: Appelbaum has Substantially Prevailed with Respect to the Amount in Controversy

To be entitled to attorney's fees, Appelbaum must have "substantially prevailed with respect to the amount in controversy or [have] substantially prevailed with respect to the most significant issue or set of issues presented." § 7430(c)(4)(A).

Appelbaum substantially prevailed on the amount in controversy. The complaint filed by the United States asked the Court for a judgment in the amount of $3,838,572.05. (Compl., Doc. 1, at 4). Following the bench trial, the United States was ordered to recover nothing from Appelbaum. Therefore, Appelbaum substantially prevailed on the amount in controversy under § 7430(c)(4)(A)(i)(I)

### B: Appelbaum Meets the Net Worth Requirements

In order to recover costs and fees, the prevailing party must be "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed." 26 U.S.C. § 7430(c)(A)(ii); 28 U.S.C. § 2412(d)(2)(B). Appelbaum has asserted under oath that at the time the United States commenced this action against him, his net worth was less than $2,000,000. (Declaration of Eric Appelbaum, Doc. 77-2). The United States does not contest Appelbaum's net worth in its sur-

reply. (Doc. 82). The Court therefore finds that Appelbaum satisfies the net worth requirement of § 7430(c)(A)(ii).

### C: Even if the Presumption of No Justification Applies, it is Rebutted

While the Court must consider the United States' position in its entirety, separation between the notice issue and the responsible party issue is warranted.

#### 1. Notice

The principal dispute at issue is whether or not the United States' position was substantially justified based upon the sufficiency of the evidence showing notice. This Court held, as a factual matter, that notice was not sent. However, this determination was based upon consideration of the quality of the evidence submitted at trial and reasonable factfinders could disagree. *See Hill*, 844 F. Supp. at 275 (refusing to grant attorney fees where Court's factual findings adverse to the United States "rested primarily on this Court's determinations of the parties' credibility."); (Doc. 64, at 3) ("Appelbaum credibly testified that he never received [Letter 1153]."). For example, a reasonable factfinder could have concluded that Revenue Officer Hoyt mailed Letter 1153 the same day he generated it, particularly where the statute of limitations had yet to run and could be extended. *See* (Government's Post-Trial Br., at 27-29) (citing 26 U.S.C. § 6672(b)(3)); *see also* Ex. 50 (showing backdating). Exhibit 50 did contain a statement that Letter 1153 was generated and that Letter 1153 was sent within the limitations period. (Ex. 50). Appelbaum appears to argue that the Greenway deposition (Doc. 77-7) taken prior to summary judgment should have put the Government on notice that notice was not sent (Doc. 77, at 10). Nevertheless, a review of this deposition shows that Greenway explicitly stated "I cannot speak to how [Letter 1153] was given to Mr. Appelbaum. I wasn't involved in that part of the process." (Doc. 77-7, at 77-78). However,

7

the Government could have reasonably determined that it could prove notice based on the documentary evidence.

The Court has considered factors such as settlement, the stage at which the litigation was decided, and the positions of other courts of appeals. *Nat'l Org. for Marriage*, 807 F.3d at 597. There was no settlement in this case. Further, this case was not decided until after a bench trial. As the Government points out, (Doc. 72, at 7), the Government's position survived a motion for summary judgment. Moreover, Appelbaum did not raised the notice issue until the eve of trial.[3] The Court must also consider the positions of other courts of appeals. In doing so, it analyzes whether the position of the United States was complementary or contradictory to the body of case law. *Id*.

The dearth of precedent interpreting what is required under § 6672(b) supports a finding that the United States was substantially justified in bringing this suit. The parties agree that this Court found, as a matter of first impression in the Fourth Circuit, that the United States has the burden to prove that notice was sent. (Doc. 64, at 7, ¶ 2). Moreover, the only circuit court precedent to guide the Government's position was *Bonaventura*.[4] Briefly, in *Bonaventura*, the district court found that the "neither the statute nor the case law provides a clear answer" as to who has the burden of proving notice. *Bonaventura v. United States*, No. 1:07-CV-3218-WBH,

---

[3] Appelbaum claims he could not raise the notice issue at summary judgment because he did not become aware notice was at issue until the Greenway deposition. Ignoring for the moment the fact that Appelbaum would presumably remember receiving a letter stating he faced a penalty in the millions of dollars, the Court finds this argument unconvincing. The deposition was taken on July 29, 2015 (Doc. 77-7) and the deadline for Motions was July 31, 2015. (Doc. 22). Appelbaum made no attempt to request additional time from this Court in order to address issues raised in Greenway's deposition and did not mention Greenway's deposition in his Motion for Summary Judgment (Doc. 23). The court further notes that Appelbaum did discuss the Greenway deposition in his summary judgment Reply Brief (Doc. 34).

[4] The Court is aware that the parties directed it to *United States v. Thomas*, No. 5:13-cv-106, 2015 WL 1758681 (M.D. Fla. Mar. 20, 2014), *appeal dismissed*, No. 14-12192-AA (11th Cir. July 18, 2014), but notes that in this analysis the Court looks at precedent from various *circuit* courts and notes that *Thomas* was decided after this lawsuit commenced.

2009 WL 6042178, at *4 (N.D. Ga. Dec. 14, 2009), *aff'd,* 428 F. App'x 916 (11th Cir. 2011). After analyzing the issue, the *Bonaventura* district court judge found that the burden was on the United States. *See id.* at *4-5. The Eleventh Circuit, in a two-sentence <u>unpublished opinion</u>, affirmed. 482 F. App'x 916, 916-17 (11th Cir. June 2, 2011). Unpublished opinions are non-precedential. *See* 11th Cir. R. 36-2. Accordingly, a different panel of judges on the Eleventh Circuit would not be bound by the *Bonaventura* opinion, which did not attempt to address who bears the burden of proof in either of the two sentences allocated to the disposition of the appeal.

Opinions issued from nearby courts are also in apparent conflict with this Court's prior ruling. For example, Bankruptcy Judge Stocks held generally that "in the context of an assessment against a corporate officer for a Trust Funds Recovery Penalty . . . the corporate officer bears the burden of proof" that they are not liable. *In re Frank*, 322 B.R. 745, 754 (Bankr. M.D.N.C. 2005). Judge Stocks specifically cited to § 6672(b) and still stated that the burden was on the purported taxpayer. *See id.* at 755. Further, *Erwin* (in what is admittedly a default judgment opinion) stated without equivocation that "the United States makes a prima facie case of tax liability when it submits certified copies of the tax assessment to the Court." *Erwin v. United States*, No. 1:06CV59, 2013 WL 4054592, at *1 (M.D.N.C. Aug. 12, 2013). The Government had certified copies of assessments within its possession.

The fact that the United States lost at trial on these factual issues is not determinative. *See 515 Granby, LLC*, 736 F.3d at 316-17. A reasonable person could conclude that the notice issue would not make initiating the instant suit substantially unjustified.

## 2. Responsible Party

The Court finds that the Government was substantially justified in proceeding against Appelbaum on the issue of whether he was a "responsible party" at Warde Electric Contracting,

9

Inc. (Order Denying Defendant's Motion for Summary Judgment, Doc. 38). As stated above, the responsible party issue was the most significant issue in the case until Appelbaum filed his Motion for Judgment on Partial Findings. These facts go a long way in rebutting any presumption that the United States was not substantially justified.

The Government was substantially justified in asserting that Appelbaum was a responsible party. The main substantive question was whether Appelbaum was sufficiently "responsible" to be "required to collect, truthfully account for, and pay over any tax" under 26 U.S.C. § 6672(a). (Doc. 38). The order denying summary judgment speaks for itself: the Government's position that Appelbaum was a responsible party at Warde Electric Contracting during the pertinent time periods was shown by the thirteen pieces of circumstantial evidence that could lead a reasonable fact-finder to find liability. (Doc. 64).

In conclusion, a reasonable person in the Government's position could have concluded that proceeding on the § 6672 claim against Appelbaum was justified in light of both the notice issue and the responsible person issue. Therefore, although Appelbaum prevailed at trial, he does not qualify as a prevailing party under § 7430(c)(4)(B)(i). Therefore, he is not entitled to litigation costs or attorneys' fees.

## III. APPELBAUM'S RENEWED COUNTERCLAIM FOR REFUND

Appelbaum claims he should be refunded for all taxes and payments allegedly applied by the IRS to the assessments at issue. 26 U.S.C. § 7422(a) clearly states that no suit or proceeding may be maintained "until a claim for refund or credit has duly been filed with the Secretary" of the IRS. Once a claim has been filed, no suit or proceeding may be begun "before the expiration of 6 months from the filing of the claim . . . unless the Secretary renders a decision thereon within that time." 26 U.S.C. § 6532(a)(1). Evidence introduced by Appelbaum shows that Appelbaum

mailed Claims for Refund and Requests for Abatement to the IRS on March 22, 2016. (Doc. 80-1). These Claims were delivered to the IRS on March 28, 2016. (Doc. 80-1). This Court will retain jurisdiction over this action until the administrative proceedings are exhausted. The parties are directed to notify the Court of the administrative disposition of this claim. Accordingly, this claim is denied without prejudice.

## IV. APPELBAUM'S MOTION FOR SANCTIONS

Appelbaum's claim that the Government and Revenue Officer Greenway should be sanctioned (Doc. 80, at 2, 5) is denied for the reasons put forth in the Government's brief.

## IV. ORDER

**IT IS, THEREFORE, ORDERED THAT**

**(1)** Defendant Appelbaum recover nothing in costs or fees from the United States;

**(2)** Appelbaum's Renewed Counterclaim for Refund is denied without prejudice; and,

**(3)** Appelbaum's motion for sanctions is denied.

Signed: July 27, 2016

*[Signature]*

Richard L. Voorhees
United States District Judge