IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
NO. 5:12-cv-186

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>v.<br><br>ERIC APPELBAUM,<br><br>               Defendant. | ORDER |

**THIS MATTER** is before the Court on the Motion to for Finding of Civil Contempt, to Compel, and for Sanctions (Doc. No. 94) filed by Defendant Eric Appelbaum. Plaintiff United States of America responded, Defendant filed a reply, and Plaintiff filed a surreply with leave of the Court. This matter is now ripe for adjudication.

**I. BACKGROUND**

When a corporation is delinquent in remitting its payroll taxes, the United States has the authority to seek a Trust Fund Recovery Penalty ("TFRP") from "[a]ny person required to collect, truthfully account for, and pay over any tax . . . who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof." 26 U.S.C. § 6672.

The IRS assessed a TFRP on Defendant on April 10, 2003, claiming that Defendant was a person responsible for properly collecting, accounting, or paying over Federal withholding and Federal Insurance Contribution Act ("FICA") taxes on behalf of Warde Electric Contracting, Inc. ("Warde Electric"), and that he willfully failed to do so. On April 10, 2003 the assessed amount of unpaid taxes owed by Warde Electric was $2,492,119.10. From that point, the IRS began to

collect payment from Defendant through levies of his Social Security payments and setoffs against overpayments of income tax to partially satisfy the TFRP.

Plaintiff instituted this action against Defendant on November 27, 2012, seeking full payment of the amount of the TFRP. At the time the suit was filed, with accrued interest and costs, the amount sought from Defendant was $3,838,572.04. Defendant, acting *pro se* at this time, disputed the charges and filed two counterclaims on May 1, 2013. Both were dismissed. Relevant to this proceeding is the second counterclaim seeking a refund of the $746.50 per month that the IRS had levied on his social security payment since September 2012 and "any and all payments received by the IRS that have been applied over the years against the Assessments from April 10, 2003 to the present." The Court construed this claim as one for a refund under 28 U.S.C. § 1346(a)(1) and dismissed it for lack of subject matter jurisdiction because Defendant did not first file an administrative claim for refund with the IRS pursuant to 26 U.S.C. § 7422(a).

Shortly before trial, Appelbaum filed a Motion for Judgment on Partial Findings, arguing that the IRS did not follow the statutory notice requirements of 26 U.S.C. § 6672. Under § 6672(b), the IRS must provide a taxpayer with notice and a period for contesting the proposed assessments before it can assess a TFRP. A bench trial was held on December 17, 2015. On February 3, 2016, the Court found that the IRS did not mail Appelbaum proper notice through its form Letter 1153, and thus that no penalty could be imposed against Appelbaum pursuant to § 6672. The Court also found that any further action against Appelbaum would be barred by a three year statute of limitations. 26 U.S.C. § 6501(a). The Court then "ordered that the United States recover nothing from Defendant Eric Appelbaum."

Defendant's wife, Claudia Appelbaum, was also subjected to levies by the IRS to satisfy the TFRP allegedly owed by Defendant. These levies were taken in March 2014. Claudia

2

Appelbaum filed an administrative claim for refund with the IRS and then filed suit for a refund. Her case was consolidated with the suit brought by Plaintiff against Defendant. After the Court determined that the IRS could not assess a penalty against Defendant, the Court entered a consent judgment ordering the return of $1,207,352.80 plus statutory interest to Claudia Appelbaum. In that order, the Court noted that the parties still disputed whether levies taken from Defendant would be returned. The IRS refunded Claudia Appelbaum a little over a month later, in May 2016.

On July 27, 2016, the Court denied without prejudice Defendant's motion to compel a refund. The Court found that while Defendant did indeed file the correct administrative claims in March of 2016, the IRS had six months to respond administratively before the district court gained subject matter jurisdiction. The Court then held that it would retain jurisdiction until the administrative proceedings were exhausted.

On August 18, 2016, the IRS partially disallowed Defendant's claim for refund. Of the $43,095.00 that he requested, it allowed $19,556.00 of his claim. It determined that the remaining funds were not refundable because they were "paid more than two years prior to receipt of the claim." Defendant requested an Appeals Conference contesting the disallowed amounts. Among his several arguments for a greater refund, Defendant claimed that the statute of limitations dates back to when he first filed his counterclaim for a refund on May 1, 2013.

On March 21, 2017, the IRS amended its award, allowing $31,162.00 of Defendant's claim. However, to date, Defendant has only received a refund of $19,556.00. Defendant claims that the IRS appeals officers have been instructed not to remit the remaining funds by Chris Williamson of the Department of Justice, counsel for Plaintiff in this matter.

## II. ISSUES

Defendant currently moves (1) to compel the IRS to refund the remaining amount of the levied social security and tax refund payments that have not yet been refunded to Defendant, (2) to hold Plaintiff's attorneys in contempt for impeding compliance with refunding these payments, and (3) to sanction Plaintiff's attorneys by ordering them to pay Defendant's fees and costs.

## III. DISCUSSION

### A. Motion to Compel

As a threshold matter, the Court finds that Defendant's motion to compel is properly before the Court. The Court expressly retained jurisdiction over this matter to adjudicate the final refund owed to Defendant following exhaustion of IRS administrative remedies. (Doc. No. 84). Defendant has exhausted his administrative remedies with the IRS, as required by 26 U.S.C. §§ 6532(a)(1), 7422, and his Kafkaesque pursuit for a refund may finally be addressed.

The Court previously found in its February 3, 2016 order that the TFRP assessments against Defendant were unlawful and that Plaintiff was to "recover nothing" from Defendant. (Doc. No. 64). Thus, the Court held that because the assessments were unlawful, Defendant is entitled to a refund of the assessments previously made against him in satisfaction of the TFRP. Such refund is not a settlement—it is relief inherent in the prior order of the Court that Plaintiff recover nothing from the unlawful assessments.

However, the government has a "right to retain an administrative collection," which is established "only upon expiration of the statutory period for commencement of a refund suit or, if a refund suit is filed, upon final adjudication of the action." *Cheatle v. United States*, 589 F. Supp. 2d 694, 705 (W.D. Va. 2008) (quoting *Gens v. United States*, 615 F.2d 1335 (Cl. Ct. 1980)). Thus, Plaintiff is entitled to retain its administrative collection of assessments in

satisfaction of the TFRP that are outside of the relevant statute of limitations period. The statute of limitations for a TFRP refund claim is two years. *Id.* (citing 26 U.S.C. § 6511; *Kuznitsky v. United States*, 17 F.3d 1029 (7th Cir. 1994)). There is no equitable tolling doctrine that applies to § 6511 beyond the exceptions contained within that provision. *United States v. Brockamp*, 519 U.S. 347, 354 (1997).

The primary question this Court needs to answer, then, is from what date the statute of limitations runs. Defendant argues that the statute of limitations runs from May 1, 2013—the date that he first filed his answer and counterclaims in this matter. Plaintiff argues that the statute of limitations runs from March 22, 2016—the date that Defendant mailed his Form 843 Claim for Refund and Request for Abatement to the IRS.

"It is not necessary that a claim for refund or credit be submitted to the Internal Revenue Service in any particular form. If a taxpayer submits to the Internal Revenue Service some sort of written instrument which informs the administrative agency that the taxpayer believes that he has been subjected to an erroneous or illegal tax exaction, and that he desires a refund or credit because of such action, that is sufficient." *Barenfeld v. United States*, 442 F.2d 371, 374 (Cl. Ct. 1971). The Court finds that Defendant's initial answer and counterclaim adequately put the IRS on notice that Defendant believed he was subjected to an erroneous tax exaction and that he desired a refund. Accordingly, the Court finds that the statute of limitations runs from May 1, 2013.

Because the record is not clear whether or not the IRS calculated the amount of Defendant's claim that should be allowed from the proper date, the Court accordingly will grant Defendant's motion to compel and order the IRS to conduct a final accounting of and refund all assessments made in satisfaction of the TFRP since May 1, 2011.

### B. Motion for Contempt and Sanctions

Defendant also moves for an order of contempt and for sanctions against Plaintiff's attorney in this matter. The Court finds that Plaintiff is not in contempt of its prior order. However, the Court instructs Plaintiff's counsel to not interfere with a proper IRS accounting in accordance with this order.

### IV. CONCLUSION

For the reasons stated above, Defendant's motion (Doc. No. 94) is **GRANTED IN PART, DENIED IN PART.**

The IRS is **ORDERED** to conduct an accounting of and refund to Defendant all assessments made in satisfaction of the TFRP since May 1, 2011.

**SO ORDERED.**

Signed: August 6, 2018

Graham C. Mullen
United States District Judge